IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| MICHAEL A. ELLENBURG,<br><br>    Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF CORRECTIONS;<br>SANDRA GUNDERSON P.P.O.; JOHN DOE;<br>and MARY DOE, et al.,<br><br>    Defendants. | Cause No. CV-06-59-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

Plaintiff Michael Ellenburg filed this action on April 6, 2006, alleging violations of his civil rights under 42 U.S.C. § 1983. Ellenburg is a state prisoner proceeding pro se.

On April 18, 2006, Ellenburg filed an "Addendum" (doc. 5) to the Complaint. He filed a memorandum of law (doc. 8) on April 27. On May 30, 2006, he filed a motion to amend his Complaint (doc. 11) to incorporate allegations he made in another case, *Ellenburg v. Powell, et al.*, No. CV 06-61-M-DWM-LBE (D. Mont. filed April 13, 2006).[1] On June 19, 2006, he filed another addendum (doc. 12) and another brief (doc. 13).

---

[1] The Complaint on No. CV 06-61-M was dismissed pursuant to Standing Order DWM-27.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

## I. Preliminary Screening

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez*, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. *Balistreri v.*

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Ellenburg's Allegations

Ellenburg alleges that property belonging to Montana Tax and Estate Planning Group, Inc., was confiscated after a probation officer completed her investigation into whether Ellenburg had violated the conditions of his probation. He claims that the whereabouts of the confiscated computer equipment are unknown and that the property was not used in the commission of an offense. For his relief, Ellenburg asks that the equipment be returned to Montana Tax and Estate Planning Group, Inc., or that the business be compensated at the rate of $93.20 per hour "average income produced by the equipment." He also requests costs and attorney fees. *See* Compl. (doc. 1) at 4-7.

In the "Addendum," Ellenburg seeks his release from custody on the grounds that officers of the State allegedly breached the plea agreement and allegedly failed to properly Mirandize him. *See* Addendum (doc. 5) at 1-2, 4-5; *see also* Mem. of Law (doc. 8); Third Addendum (doc. 12); Mem. Br. (doc. 13).

In his motion to amend the Complaint, Ellenburg asks that the Court "amend[] all the information in # 06-CV-61-M-LBE to # 06-59-M-LBE." The Complaint in Cause No. CV 06-61-M-DWM-JCL asks this Court to "expose the REAL truth," *see* Compl. (doc. 1) at 5, ¶ VI, *Ellenburg*, No. CV 06-61-M-DWM-JCL, by permitting him to demonstrate that lies were told by the probation and law enforcement officers

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

whose investigation and representations led to the revocation of his probation.

### III. Analysis

#### A. Property Claim

Ellenburg purports to be presenting the case on behalf of the "owners" of the equipment, Montana Tax and Estate Planning Group, Inc. See Compl. at 1-4, 8 ("Ellenburg for Mt. Tax & Estate Pln Grp Inc."). That entity was a corporation that purportedly had issued 50,000 shares. It is defunct. See Compl. Ex. 8 at 1 (showing involuntary dissolution of 50,000-share entity on December 1, 1998). Exhibit 8 is identical to the result that appears in the records of the Secretary of State in a search for "Montana Tax and Estate Planning Group, Inc."

"In all courts of the United States, the parties may plead and conduct their own causes personally." 28 U.S.C. § 1654; see also Judiciary Act of 1789, § 35, 1 Stat. 73, 92 (1789). Under this statute, a non-attorney may appear on his or her own behalf. However, a non-attorney has no authority to appear on behalf of others, because the privilege of self-representation is personal. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). Corporations and other unincorporated associations, including trusts, must appear in court through an attorney. See C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir.

1987).

Notably, Ellenburg insists that "[m]any of the items confiscated and seized, were not part of any purchase made by Ellenburg." See Third Addendum (doc. 12) at 1. He repeatedly refers to the "owners," plural, of the equipment. Thus, it is clear that the business entity is not a sole proprietorship; if it were, its purchases would be Ellenburg's own purchases. Because the corporation is not merely a facade for Ellenburg himself, he may not prosecute this action pro se. The claim for return of seized property should be dismissed without prejudice to allow the corporation, through counsel, to assert an interest if it wishes to do so.

### B. Other Claims

All of Ellenburg's other allegations fail to state a claim on which relief may be granted, and their deficiencies cannot be cured by amendment.

The Supreme Court has long held that a writ of habeas corpus is the "sole federal remedy" for prisoners who challenge the fact or length of their confinement and who seek either immediate release or release sooner than expected. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court held that even prisoners who do not explicitly seek immediate or speedier release must petition for habeas rather than filing a § 1983

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

action. There, a prisoner challenged the conduct of the state prosecutors and investigators involved in the case that led to his conviction and incarceration. His case had to be dismissed in favor of habeas relief because granting relief in the form of monetary damages would logically and necessarily have undermined the validity of the State's judgment. *Id.* at 481. Consequently, the Court announced a "favorable termination rule," requiring prisoners who pursue § 1983 actions to demonstrate that the conviction or sentence underlying their complaint has already been overturned, dismissed, or otherwise invalidated by a state or federal authority. *See id.* at 486-87. Thus, regardless of whether the plaintiff seeks release or damages, it is not possible to challenge a conviction or revocation in a § 1983 action where a writ of habeas corpus is available instead.

Allegations asserting the breach of a plea agreement cannot be addressed in a civil action under 42 U.S.C. § 1983 because, if the plaintiff prevails, then his custody is invalid. A writ of habeas corpus is the only remedy. As for the allegations regarding Miranda warnings, that claim also must be dismissed. Either none of Ellenburg's statements were used in evidence against him, in which case there was no constitutional violation, or his statements were used in evidence against him, in which case his only remedy is a writ of habeas corpus.

For the same reason, the Court should deny Ellenburg's motion

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

to amend his pleading by adding to it the allegations he made in the Complaint in No. CV 06-61-M-DWM-LBE. If he is correct that the revocation of his probation was based on lies, then the revocation is invalid.

### C. Amendment

The Court has considered whether Ellenburg should be given an opportunity to amend his pleading to cure its defects. However, he simply cannot proceed under § 1983 at this time or on behalf of a corporation. Amendment need not be permitted where it would be futile. *See, e.g., Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). The action should be dismissed.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Ellenburg's Complaint (doc. 1) should be DISMISSED for failure to state a claim on which relief may be granted to Ellenburg.

2. All allegations in his addenda (docs. 5, 8, 12, 13) should be DISMISSED for failure to state a claim.

3. The motion to amend (doc. 11) should be DENIED as futile on the grounds that the allegations of the Complaint in Cause No. CV 06-61-M-DWM-JCL fail to state a claim.

4. The case should be CLOSED and the docket should reflect that Ellenburg's filing of this action counts as one strike against

him for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[2] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Ellenburg must immediately inform the Court of any change in his mailing address. Failure to do so may result in dismissal of this case without notice to him.

DATED this 30th day of October, 2006.

Jeremiah C. Lynch
United States Magistrate Judge

---

[2] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in Houston v. Lack, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8