```
                                              FILED
                                           MISSOULA, MT

                                         2006 NOV 14 PM 5 15

                                          PATRICK E. DUFFY
                                       BY _____
                                          DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| MICHAEL A. ELLENBURG,  ) | CV 06-59-M-DWM |
| )  | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MONTANA DEPARTMENT OF CORRECTIONS, ) SANDRA GUNDERSON P.P.O., JOHN DOE, ) and MARY DOE, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

United States Magistrate Jeremiah C. Lynch entered Findings and Recommendation in this matter on October 30, 2006. Ellenburg filed objections and is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). The parties are familiar with the factual and procedural history so they will be recited only as necessary.

Judge Lynch concluded that Ellenburg's Complaint(dkt #1) should be dismissed with prejudice and I agree. The Complaint is dismissed because in accordance with the requisite preliminary screening, Ellenburg's claims fail to meet the threshold set

-1-

forth in 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c)(1). Nor can the Complaint be cured via amendment.

Ellenburg's claims fail because they are not cognizable. Ellenburg's property claim must be dismissed because as a non-attorney he cannot personally plead and conduct the cause on the behalf of a corporation. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966). Ellenburg's remaining claims fail to state a claim on which relief may be granted where the proper avenue for remedy is a writ of habeas corpus. As is the case here, prisoners cannot pursue 42 U.S.C. § 1983 actions where a writ of habeas corpus is available. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). For this reason, Judge Lynch correctly advised that Ellenburg's motion to amend his pleading in CV 06-61-M should also be denied.

Ellenburg objects but he does not assert a compelling reason to deviate from Judge Lynch's recommendations.

Accordingly, based upon the foregoing I adopt Judge Lynch's Findings and Recommendation (dkt #16) in full: Plaintiff's Complaint (dkt #1) is DISMISSED;

IT IS FURTHER ORDERED that all allegations in Plaintiff's addenda (dkts # 5,8,12, and 13) are DISMISSED for failure to state a claim;

IT IS FURTHER ORDERED that the motion to amend (dkt #11) is DENIED for the reasons stated above; and

Plaintiff is advised that this case is CLOSED and this action counts as one strike against him for failure to state a

claim on which relief may be granted pursuant to 28 U.S.C. § 1915(g).

DATED this \_\_\_14th\_\_\_ day of November, 2006.

                                          Donald W. Molloy, Chief Judge
                                          United States District Court